## Case No. 7,544.

### The JOSEPHINE.

## Case No. 7,545.

### The JOSEPHINE.

[Abb. Adm. 481.] [1]

District Court. S. D. New York. Feb., 1849.

## Case No. 7,546.

### The JOSEPHINE.

[2 Blatchf. 322.] [1]

Circuit Court, S. D. New York. Oct., 1851.

[1] [Reported by Abbott Brothers.]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

Erastus C. Benedict, for libellants.

William Bliss, for claimants.

NELSON, Circuit Justice. The proofs show that no very extraordinary or hazardous service was required of the officers or crew of the Plymouth, or was rendered by them in saving the brig. She was discovered in latitude 37° N. and longitude 73° W., about one hundred and forty miles from the port of New York. The weather was fine from the time she was taken in tow till her arrival at that port, with the exception of some twenty-four hours, during which there was a pretty heavy blow, and on which occasion an additional hawser was used; but none of the crew were exposed on account of remaining on the wreck during the blow, as the officer and the few men on board were removed to the Plymouth. The only delay that occurred to the Plymouth in her usual service was one of about two days, owing to the change of her course from Boston to New York. All the service rendered was under the direction of the commander of the Plymouth, and agreeably to the general instructions of the secretary of the navy to all the naval vessels of the government. The officers renounced all claim to salvage for the service, and so advised the secretary of the navy; but the crew refused to renounce. It is not necessary to determine, in this case, in order to dispose of it, whether or not the officers and crews of the naval vessels of the United States are in any case entitled to salvage for services rendered to American merchant-vessels in distress, notwithstanding the instructions on the subject, given by the government. I have no doubt that cases may exist in which they are entitled to salvage compensation, both on principle and authority. The Gage, 6 C. Rob. Adm. 273; The Lord Nelson, Edw. Adm. 79; The Pensamento Feliz, Id. 115; U. S. v. The Amistad, 15 Pet. [40 U. S.] 518; The Alligator and The Enterprise [Case No. 247], MS. decision of Judge Lee, S. C. Dist.; The H. M. S. Thetis, 3 Hagg. Adm. 14; The Helene, Id. 430; The Lustre, Id. 154; Le Tigre [Case No. 8,281]. But, in such cases, something more than the usual peril should be encountered by the officers and crew, and an extraordinary service should be rendered, exceeding the duty imposed upon them by their employment in the public service and the special instructions of the government on the subject. Ordinary service in rescuing American vessels in distress, requiring no great hardship or peril on the part of the officers and crew, would seem to fall directly within the line of the general duty thus enjoined. It is a service bestowed by the gov-

ernment for the protection and encouragement of its commercial marine, and the right to impose this duty on government vessels is too clear to be controverted. Great and extraordinary service and peril in rescuing a vessel and her cargo would present a different question and stand upon different principles and policy. Such acts should of themselves be the subject of reward and encouragement, and would not be necessarily comprehended in the duty resulting from the public employment of the persons rendering it or from the instructions of the government. It appears, from the proofs in this case, that the services upon which the claim for salvage rests were in no way extraordinary or perilous, and consisted wholly in boarding the schooner, securing to her the hawsers, and towing her into port, the crew having been removed from her when the weather rendered it dangerous for them to remain. As a service performed in obedience to the orders of the officer in command of the sloop-of-war, and, also, in itself, it was very commendable, and is deserving of all praise; but it was not specially meritorious, nor did it at all hazard the lives of any portion of the crew. There would be neither reason nor sound policy in construing this description of service, on the part of the officers and crew of a naval ship of the government, as a salvage service, or in placing them on the footing of common salvors. I shall therefore affirm the decree of the court below dismissing the libel, with the costs of this court. Decree accordingly.